**NOT FOR PUBLICATION**



UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JULIET ERICKSON, an individual; PETER LOCKYER, an individual, <br><br>               Plaintiffs - Appellants, <br><br>   v. <br><br> COUNTY OF NEVADA, by and through its Board of Supervisors, <br><br>               Defendant - Appellee. | No. 13-15624 <br><br> D.C. No. 2:12-cv-02880-JAM-CKD <br><br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Eastern District of California
John A. Mendez, District Judge, Presiding

Submitted May 13, 2015[**]
San Francisco, California

Before: O'SCANNLAIN, IKUTA, and N.R. SMITH, Circuit Judges.

Juliet Erickson and Peter Lockyer appeal from the district court's grant of

the County of Nevada's motion to dismiss. Erickson and Lockyer claim that the

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

County of Nevada violated their rights under the Equal Protection Clause by failing to apply the County's "Visually Important Ridgelines and Viewsheds" ("VIR") land use code to both their project and a cell tower project proposed by Complete Wireless Consulting, Inc. ("CWC") on adjacent property.

Assuming without deciding that the County should have applied the VIR code to CWC's cell tower project, the homeowners have nevertheless failed to raise a valid equal protection claim. Parties allegedly treated differently in violation of the Equal Protection Clause are similarly situated only when they are "arguably indistinguishable." *See Engquist v. Or. Dep't of Agric.*, 553 U.S. 591, 601 (2008) (quotation marks and citation omitted); *see also Squaw Valley Dev. Co. v. Goldberg*, 375 F.3d 936, 942, 945 (9th Cir. 2004) (holding that stream polluters were not similarly situated despite at least one shared characteristic), *overruled on other grounds by Lingle v. Chevron U.S.A. Inc.*, 544 U.S. 528 (2005). Here, Erickson and Lockyer are not arguably indistinguishable from CWC for many reasons: one is a private homeowner, the other a commercial business; one would build for private use, the other would provide a service for public use; one seeks to build a large, solid garage and office structure, the other seeks to build a communications tower.

We may affirm the district court on any basis supported by the record. *See Moreno v. Baca*, 431 F.3d 633, 638 (9th Cir. 2005). Because the plaintiffs and CWC are not "arguably indistinguishable," *see Enquist*, 553 U.S. at 601 (quotation marks and citation omitted), the district court was correct in concluding that the parties were not similarly situated for purposes of the Equal Protection Clause.

Nor did the district court err in denying Erickson and Lockyer the opportunity to amend their complaint. In light of our conclusion that the parties are not similarly situated, amendment would have been futile. *See Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991).

**AFFIRMED.**[1]

---

[1]Appellants' request for judicial notice, filed with this court on February 14, 2014, is GRANTED.

Appellee's requests for judicial notice, filed with this court on August 29, 2013 and October 1, 2014, are GRANTED.

In light of the California Court of Appeal's decision in *Lockyer v. County of Nevada*, No. CO75249, 2014 WL 4805118 (Cal. Ct. App. Sept. 29, 2014), Appellants' Motion to Apply Collateral Estoppel Against Respondent, filed with this court on February 14, 2014, is DENIED as moot.